### In re CLDC MANAGEMENT CORP., Debtor.

### Bankruptcy No. 79 B 40657.

United States Bankruptcy Court, N.D. Illinois, E.D.

Oct. 7, 1985.

See also, 58 B.R. 176.

Richard Golding of Lord, Bissell & Brook and Susan Pierson DeWitt, U.S. Trustee, Chicago, Ill., for debtor.

### Order

JOHN D. SCHWARTZ, Bankruptcy Judge.

This matter is before the Court for hearing on the motion of the United States Trustee requesting, pursuant to 11 U.S.C. § 1112(b), that the Chapter 11 case of the debtor, CLDC Management Corp., be converted to a case under Chapter 7, or in the alternative, that the case be dismissed. The Court has considered the motion and being otherwise fully advised in the premises, finds:

1. The debtor, CLDC Management Corp. ("CLDC"), filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on November 14, 1979. CLDC is the owner of the beneficial interest in a land trust which holds title to certain real property improved with a racquetball club hereinafter called the Club. Since the filing of its petition CLDC has only intermittently operated the Club as a going concern.

2. The Trustee's motion requests either dismissal of the Chapter 11 case or conversion to a Chapter 7, alleging that CLDC is unable to rehabilitate its affairs or effectuate a plan, and further alleging that CLDC has failed to perform the duties imposed on a Chapter 11 debtor. The last monthly financial reports filed by CLDC covered the period from December 1, 1980 to December 31, 1980. On June 18, 1985 CLDC filed a plan of reorganization. No disclosure statement has ever been filed. The proposed plan fails to address the necessary issues, including the source of funding for the plan.

3. CLDC after requesting time has filed no response to the Trustee's motion and has now informed the Court that it will not be presenting any witnesses to contravene the Trustee's motion.

4. The Club is security for certain loans whose principal amount is approximately $600,000.00. With the addition of accumulated interest there are liens against the Club in excess of $1,000,000.00. Although the Court heard no testimony as to the value of the Club, counsel for CLDC stated in open court, at a prior hearing, that the principal amount of the loans excluding the interest exceeded the value of the Club. Accordingly, CLDC has no equity in the Club.

5. The purpose of a Chapter 11 reorganization is to assist financially distressed businesses "by providing them with breathing space in which to return to a viable state." *Matter of Winshall Settlor's Trust*, 758 F.2d 1136, 1137 (6th Cir. 1985). Under 11 U.S.C. § 1112(b) it must be demonstrated that there is both a continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation. It has been almost six years since CLDC filed for relief under Chapter 11 and in that time CLDC has been unable to reorganize. Whereas CLDC has no equity in the Club, there is essentially nothing to reorganize and since there are no other assets to distribute, a conversion to Chapter 7 would be futile.

Based on the foregoing, the Court finds and concludes that the Chapter 11 case of CLDC should be dismissed.

NOW THEREFORE IT IS ORDERED that the Chapter 11 case of the debtor, CLDC Management Corp. be, and the same hereby is dismissed.